**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)<br><br><br>Cases on Attached Exhibit A | Civil Action No. MDL 875 |

Plaintiffs' Motion To Reconsider and Clarify Order Entered November 28, 2012
Re Striking Interrogatory Answers

Plaintiffs move this court to reconsider and clarify the order entered on November 28, 2012, which granted in part and denied in part motions filed by defendants Owens Illinois.[1] The order struck portions of discovery disclosures in seven cases.

Plaintiffs move the court to reconsider and clarify its order based on the following grounds:

1.      The signatures found defective by the court are or will be promptly cured.

2.      The court erred in imposing the extreme sanction of striking interrogatory

_____

[1]By only seeking reconsideration on certain rulings by the court, CVLO does not waive the arguments already made in response to the motions to strike. As part of this motion and brief, plaintiffs incorporate the filings in the seven individual cases in response to the motions to strike. (See as an example, *Svatek v. AC&S et al.,* Case 2:11-cv-64036; Document 83). In addition, plaintiff incorporates the following omnibus briefings used in multiple MDL CVLO 875 cases: 1) *Ahnert v. CBS,* 10-cv-67443, Doc. No. 191 filed on August 28, 2012; and 2) 2:01-md-875, Doc. No. 8767, filed on November 6, 2012. Plaintiffs reassert the arguments in those filings which are not stated in their motion for reconsideration.

answers, when lesser sanctions were available and more appropriate.

3.      Certain additional discussion points of the court's opinion are in error.

4.      Findings in certain individual cases are in error or need clarification.[2]

Standard for Reconsideration

As stated by this court:

> A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court . . . [issued it previous decision]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice ." *Max's Seafood Café v. Quinteros*, 176 F. S3d 669, 677 (3d Cir. 1999); see also *North River Ins. Co. V. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995).

*Glapa et. al v. Crane Co,*, Case 2:11-cv-63505-ER, document 84.  Plaintiff brings this motion based on providing a new client signature form for the standard interrogatory responses and to correct the error of law in striking the discovery disclosures.  CVLO also seeks to clarify and correct certain rulings as to certain individual cases based on the discovery disclosures previously served.

Argument

I.      Plaintiffs cured the defective client signatures

A.      Opportunity to cure - Rule 26(g)(2)

This court ruled on November 16, 2012 that a plaintiff must "verify" all information in

---

[2]Plaintiff is filing a separate motion based on the dismissal of the moving defendant Owens-Illinois Inc. before the motion to strike was ruled upon.  Given the dismissal of OI, the motion to strike should have been denied as moot.

interrogatory answers, including the portion based upon the knowledge of counsel.  The court cited to FRCP Rule 33 in striking interrogatory responses which were bifurcated into disclosures signed by counsel and by the plaintiffs. (Op at 6.)  The court did not consider Rule 26(g) which has been held to be applicable to Rule 33 signatures.  *Walls v. Paulson*, 250 F.R.D. 48 (DDC 2008).  Rule 26(g)(2) contains a provision for "promptly" supplying a signature to correct defects.  CVLO has taken steps to cure the defective signatures.[3]

Based on the November 16, 2012 ruling, CVLO revised the signature page of the interrogatory answers to state:

> "[Personal Representative's Name] as the personal representative of [Deceased Party to Lawsuit] states that the answers provided in the [Name of Interrogatory] are true and correct to the best of his/her information or belief."[4]

CVLO then transmitted the new signature page to the 7 plaintiffs (personal representatives) for signature.  (Ex 9 at ¶2; also at Exs. 3-7,.) CVLO will serve the other new plaintiff signatures as soon as they are received.  In light of these new plaintiff signature pages, the defect cited by the court in support of its November 16, 2012, ruling has been corrected.  The November 16, 2012, ruling was adopted as the basis of the November 28, 2012, ruling.

Rule 26(g)(2) provides that "the court must strike it [the response] unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."  As

---

[3]By taking steps to cure what the court deemed a defective signature, plaintiffs do not concede the signatures are defective.

[4]Alternatively, for living plaintiffs the language states: "[Last, First Name] states that the answers provided in the Plaintiff's Signed Response to Standard Interrogatories are true and correct to the best of his/her information and belief."  The signatures are made "under penalty of perjury."

discussed further below, CVLO did not know of the defect until this court ruled the plaintiff

signatures were defective.  Upon review and consideration of ruling of this court, CVLO began

to promptly correct the defective signatures.  (Ex 9 at ¶2.)  Accordingly, the order striking the

disclosures should be reconsidered.


        B.        Lesser sanctions are appropriate

        The sanction of striking disclosures of potential evidence which might be case dispositive

is also not proper when lesser sanctions are available.  *Walls v. Paulson*, 250 F.R.D. 48 (DDC

2008), a case cited by both the court and defense counsel, illustrates the use of lesser sanctions

for improper interrogatory signatures.  (Op. at 14.)  *Walls* involved a failure by the party plaintiff

to sign discovery responses.  The plaintiff in *Walls* completely failed to sign either original or

supplemental interrogatory answers.  248 F.R.D at 52.  The court in *Walls* ruled the proper

sanction was to require the plaintiff to sign the discovery response.  248 F.R.D. at 54-5.

Consistent with *Walls*, this court should not exercise the sanction of striking responses until a

reasonable time is allowed for plaintiffs to submit proper signatures.

        The rationale of the court in *Walls* for choosing lesser sanctions, as described by the

district court, is applicable here:

>     That said, "[b]ecause disposition of cases on the merits is generally favored," the
> most drastic sanctions are "'sanction[s] of last resort,' to be used only when less onerous
> methods . . . will be ineffective or obviously futile." See Webb v. District of Columbia,
> 331 U.S. App. D.C. 23, 146 F.3d 964, 971 (D.C. Cir. 1998) (citing Shea v. Donohoe
> Constr. Co., 254 U.S. App. D.C. 175, 795 F.2d 1071, 1075 (D.C. Cir. 1986)).  Generally,
> the imposition of less severe sanctions, such as the award of attorneys' fees, may be
> "sufficiently effective in alerting an irresponsible litigant to the seriousness of his or her
> neglect, protecting  [**10] the interests of the other litigants in the case, and vindicating
> the integrity of the court." C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d

1202, 1209 (7th Cir. 1984). In those cases where a court orders a dismissal or enters a default judgment, the disobedient party typically has engaged in a pattern of noncompliance with court orders so that no lesser sanction is warranted. Secs. & Exch. Comm'n v. Hollywood Trenz, Inc., 202 F.R.D. 3, 7 (D.D.C. 2001) (citing 6A FED. PRAC. & PROC. § 1531).

250 F.R.D at 51.

       This Circuit requires willfulness, bad faith or at least gross negligence to justify dismissal under Rule 37(b), while resorting to less severe sanctions for failing to respond to discovery requests. Weisberg v. Webster, 242 U.S. App. D.C. 186, 749 F.2d 864, 871 (D.C. Cir. 1984) (citing Nat'l Hockey League, 427 U.S. at 640 and Societe Int'l Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958)).

250 F.R.D. at 51, note 4.   See also *Saria v. Massachusetts Mutual Life Insurance Company*, 228 F.R.D. 536, 540-41 (D. W. Va. 2005), (another case cited by this court in the November 16, 2012, order in which the sanction imposed was to require the interrogatory answers to be signed.)

       The Third Circuit follows the same principles of deciding cases based on the merits and choosing lesser sanctions for alleged discovery violations.  In *McMullen v. Bay Ship Management*, 335 F.3d 215 (3d Cir. 2003), the Third Circuit reversed the sanction of dismissal of the case for noncompliance with discovery, stating:

       We come, therefore, to the sanction imposed. This Court has emphasized that control of discovery is committed to the discretion of the trial court and we will seldom intervene. However, the District Court's power is not without limit. In re Orthopedic "Bone Screw" Products Liab. Litig., 132 F.3d 152, 156 (3d Cir. 1997). We have emphasized this Court's policy of favoring litigation on the merits, rather than imposing dismissals with prejudice or a default judgment. In Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir. 1988), we stated that "[t]hese must be sanctions of last, not first, resort." See also Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (setting out checklist applicable for sanction of dismissal).

335 F.3d at 217-8.

The imposition of lesser sanctions is justified by the lack of intentional or flagrant misconduct.  The Third Circuit follows a four part test in deciding whether to impose sanctions which exclude evidence that can be dispositive.[5]  *Konstantopolous v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).[6]   No intentional or flagrant misconduct exists.  The standard interrogatory answers were signed by plaintiffs in all of the seven cases.  The client signature page expressly stated the signature covered all matters of which the plaintiffs had knowledge. The answers themselves distinguished matters based on the knowledge of counsel from other matters to which the signature of the plaintiffs was applicable.

The absence of prejudice to the defense is particularly significant with regard to the proper sanction.  As this court recognized  in the November 16, 2012, memorandum opinion, the Rule 33 signature requirement derives from the need to cross examine the client as a witness to the information in the interrogatory answers.  (Op. at 13-14.)   If the concern is protecting the defendants' right to cross examine, no prejudice is established or even claimed.[7]  First, no instance is cited by the defense counsel in their briefs or by the court where any of the seven

---

[5]While this court expressly stated that rulings on striking specific evidence were reserved, the ruling is likely to be cited in support of striking evidence.  Under these circumstances the same analysis should be applied to the sanction of striking discovery disclosures.

[6]The factors listed in *Konstantopolous* are:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

[7]The court stated in its November 16, 2012, opinion that reasons for plaintiffs' counsels' concerns about their clients' personal knowledge in signing the discovery disclosures were unclear.  The evidence in the motion to reconsider clarifies the reasons for these concerns.

CVLO plaintiffs who signed the interrogatories could not be effectively cross examined.  To the extent a plaintiff did not provide a signature to certify knowledge within the sole knowledge of his counsel, the concerns about the right to cross examine are not applicable.  A plaintiff cannot be cross examined on matters which the plaintiff knows nothing about.

Second, the attorney knowledge answers involve the claims being asserted and the identification of persons who may have knowledge of the claims[8].  Asking a plaintiff how his attorney determined what claims to bring violates the attorney client communication and work product privileges protected under rule 26.  Likewise, asking a plaintiff about the investigation from which counsel determined the names of persons with knowledge also violates the Rule 26 protections.  In other words, defense counsel is unlikely to be permitted to cross examine on the areas of attorney knowledge in the standard interrogatory answers.

Third, the bifurcated signature format was not challenged by defendants in the seven cases at issue.  The sanction of dismissal that might result from striking the disclosures is too severe based on the failure of defendant to even raise the concern.

Fourth, CVLO drafted the page for the client signature.  (Ex 9 at ¶¶1-2.)  Plaintiffs should not be penalized for counsel's interpretation of the Rule 33 signature requirement.   Lesser sanctions which are appropriate are requiring:

•      plaintiffs sign the entire standard interrogatories,

•      separate documents for client knowledge and attorney knowledge, or

---

[8]Examples of the attorney disclosures are found in answers to interrogatories 16 and 29. The master CVLO lists of siteworkers and past testimony are referenced in those answers. Samples of pages from those lists are attached as exhibits 10, 11 and 14, 15.

- plaintiffs to produce the disclosed persons with knowledge after the close of fact discovery.

II.    Attorney signatures are proper under Rule 26(g)

The memorandum opinion entered November 16, 2012, does not mention Rule 26(g)(1) which requires the signature of counsel on disclosures under Rule 26(a)(1).  The court held the knowledge of counsel was not properly certified, citing only to the signature requirements of Rule 33 for interrogatory answers.  Rule 26(g)(1) creates a framework for signatures on Rule 33 responses and attorney signatures for Rule 26(a)(1) disclosures.

Within the framework of Rule 26(g)(1), the attorney signatures in the standard interrogatory answers are proper in the instant cases.  First, counsel's signature regarding disclosures of persons with knowledge of the plaintiffs' claims, no matter what form they are presented in, makes the disclosures proper under Rule 26(a)(1).  The disclosures could have been presented in letter form - or on a napkin - provided they are signed by counsel.  Striking Rule 26(a)(1) disclosures of persons with knowledge is not proper when the attorney has signed.  Rule 26(g)(1) is explicit in requiring only the signature of counsel on Rule 26(a)(1) disclosures.

The court found the parties in the CVLO MDL 875 cases agreed upon the format of a document called "Standard Interrogatories" to be answered for each of the CVLO cases.  (Op. At 4.)  The court also suggested an "affirmative obligation" under Rule 26(a)(1) to make disclosures of "individuals likely to have affirmative obligations.[9]  (Order at 6-7.)   In the context of the

---

[9]In past briefing on the motions to strike, plaintiffs contended no Rule 26(a)(1) deadline dates were in CVLO scheduling orders and defendants themselves did not make Rule 26(a)(1)

disclosure format agreed upon by the parties, CVLO incorporated the attorney knowledge disclosures into the approved format.  As stated above, disclosures under Rule 26(a)(1) require only signature by counsel pursuant to Rule 26(g)(1).  The Rule 33 signature requirement is not applicable to the portion of the standard interrogatory answers which constituted the Rule 26(a)(1) disclosures based on counsel's knowledge.  CVLO differentiated in the "standard interrogatory answers" the knowledge resulting from investigation by or knowledge of counsel which was not information known to the client.  Viewed as Rule 26(a)(1) attorney disclosures within the context and format of the agreed upon disclosure document, the information based solely on knowledge of counsel is properly signed only by counsel pursuant to Rule 26(g)(1).

No particular format is required for the Rule 26(a)(1) disclosures.  The document titled "Standard Interrogatory Answers" could be titled as "Standard Interrogatory Answers and Rule 26(a)(1) Disclosure."  The parties agreed upon a different title.  As this court recognized in the November 16, 2012, memorandum opinion, the only format of disclosure agreed upon by the parties was the "standard interrogatory answers."  (Opinion at 4.)  No other agreements were reached about the format of Rule 26(a)(1) disclosures for identifying persons with knowledge of job site exposures.  In this context, plaintiffs were following the unified agreed upon format for providing both knowledge of plaintiffs and the knowledge of counsel within a single document. ( Ex 9 at ¶5.)

CVLO also attempted in good faith to follow Rule 26 (g), which distinguishes the

---

disclosures.  If any Rule 26(a)(1) disclosures were required, plaintiffs contended the "Standard Interrogatories" were the agreed upon format.  By addressing the Rule 26(a)(1) obligations cited in the November 16, 2012, opinion of this court, plaintiffs do not waive earlier arguments.

signature requirements for disclosures by counsel under Rule 26(a)(1) and interrogatory answers under Rule 33.  ( Ex 9 at ¶4.)  CVLO was providing client signatures which disclaimed attorney knowledge for several months before the first motions to strike were filed. The distinction arose in part from past experiences at CVLO client depositions.  ( Ex 9 at  ¶6.)  In this context CVLO plaintiffs have been cross examined about interrogatory answers which provide attorney knowledge of potential witnesses in past cases.  (Ex 9 at ¶7.)  In such instances the client was forced to admit no knowledge of the truth of the matter.  Defense counsel then implied or established during followup questions that the signature of the client was improper.   ( Ex 9 at ¶7.)

The court also suggests the signature of counsel was improper as it could make CVLO attorneys witnesses in the cases.  (Op. at 13.)  The situations where counsel becomes a witness are not analogous to the circumstances here.  The CVLO attorney knowledge disclosures for the MDL 875 plaintiffs relate to claims made and to persons who may have knowledge of the case. As to such matters of investigation or the basis of the claims, signatures of counsel are mandatory and do not  make counsel a witness.  For instance counsel must sign the pleadings which state the claims being made.  Rule 26(a)(1) involves similar disclosures of persons who may have knowledge and counsel's signature is required by Rule 26(g)(1).

The sanctions, if any, to be imposed under Rule 37 should also reflect the absence of any intention by plaintiffs to violate Rule 33.  Until the court issued the order of November 16, 2012, plaintiff's counsel was unaware how the court would interpret the Rule 33 signature requirement in the context of the standard interrogatory answers and counsel's knowledge.  With one exception, the signature requirement on standard interrogatories was not a subject of a Rule 26 or

Rule 16 conference.   The exception related to the mediation period under Judge Reed who ruled the standard interrogatory answers only required the signature of counsel.[10]

The court's memorandum opinion also suggests the language in the standard interrogatory answers is ambiguous by failing to distinguish the knowledge of counsel and the knowledge of the plaintiffs.  (Op. At 16.)  The intention of counsel was to make clear the distinctions between knowledge of counsel and the knowledge of the plaintiffs .  (Case 2:10-cv-67443 Document 286 at Ex 28 at ¶3.)  Plaintiffs respectfully disagree the chosen language does not fulfill the objective of distinguishing client and attorney knowledge and such concerns were not raised before.  However, the solution to this concern is to prepare a separate document for signature only by counsel.  To clarify the distinction CVLO will prepare disclosures of counsel's knowledge expressly titled as disclosures of counsel under Rule 26.

III.    Additional Matters in the November 16, 2012, Order

The opinion of November 16, 2012, addresses at length the context of CVLO MDL 875 proceedings as a backdrop for the ultimate ruling of the court.  Plaintiff previously briefed many of these issues, but requests reconsideration of certain characterizations made by the court in light of the additional points below not considered by the court.

---

[10]Plaintiffs contended in earlier briefs that the mediation period proceedings for CVLO MDL 875 cases by law and order of Judge Reed do not carry over into the pretrial/trial scheduling phase.  Plaintiffs cite here to the mediation period because this court has indicated the actions during that period are relevant to the pretrial phase.

*Compliance with Judge Reed's orders*

The court states "Plaintiffs have essentially conceded that they did not comply with certain discovery requirements imposed by Judge Reed including fully responding to standard interrogatories within the time allotted to do so." (Op. At 6.)  Plaintiffs respectfully disagree.  As the transcript of the January 26, 2011, conference bears out, plaintiffs had already provided standard interrogatory responses in over 600 cases.  (Case 2:10-cv-67443 Document 286 at Ex. 22 at 28-29, at 43-44.)  The additional 700-800 responses in the remaining cases were provided by the mediation due date of February 22, 2011.[11]  (Case 2:10-cv-67443 Document 286 at Ex. 39; and at ex 22 at 43-44.)

Upon receipt of these answers in over 1,000 cases, defendants did not file a motion to compel further information.  (Case 2:10-cv-67443 Document 286 at Ex. 29 at 46-48.)  The focus of the mediation proceedings before Judge Reed then narrowed to focus on only 50 select cases.  (Ex 1 at ¶ 16; Ex 2 at ¶ 2)  No motions to compel were filed as to the discovery responses for the group of 50 cases.  The proceedings then switched to the pretrial/trial preparation mode.

*History of discovery disclosures*

The court refers to a history of Rule 26 conferences as having satisfied the requirements of Rule 26(f) to trigger Rule 26(a)(1) disclosures.  (Op. at 7.)   The court states "Plaintiffs have conceded that they did not timely provided these initial witness disclosures."  (Op. At 7.)

---

[11]The parties in the mediation agreed the interrogatory responses would be served by depositing them with the IKON records management facility in Chicago.  Exhibit 39 is a listing of the dates when for cases pending at the time the mediation interrogatory responses were deposited at IKON. (Ex 9 at ¶8.)

Plaintiffs' respectfully disagree.  Attached to this motion is a list of the transcripts of the conferences and hearings held in the CVLO MDL 875 matters.  (Case 2:10-cv-67443 Document 286 at Ex. 8.)  Plaintiff understands these proceedings to be the record of proceedings to which the court refers.

A careful review of the record reveals that the proceedings during the pretrial/trial phase of CVLO MDL 875 cases did not result in Rule 26(f) planning which triggered the Rule 26(a)(1) process except in a limited fashion.[12]  The only item which can be considered a Rule 26(f) agreement about the scope or necessity of the Rule 26(a)(1) disclosures relating to the exposure witnesses and claims is agreement to answer the standard interrogatories.[13]  (Case 2:10-cv-67443 Document 286, at Ex 22 at 12-13, at ex 23 at 21-3.)  Standard Interrogatory answers had already been furnished pursuant to the orders of Judge Reed in the mediation phase before February 22, 2011.  (Case 2:10-cv-67443 Document 286 at Ex 39.)  No deadline was set in scheduling orders entered during the pretrial/trial phase to update the answers.

No discovery plan was formulated or submitted under either Rule 26(f)(3) or the form order available in the Eastern District of Pennsylvania.  (Case 2:10-cv-67443 Document 286 at Ex. 27.)   In the context of the expedited scheduling, defendants did not make Rule 26(a)(1) disclosures.  Pursuant to the comments to Rule 26, the requirement of a Rule 26(a)(1) disclosure

---

[12]Plaintiff has already argued the mediation phase of the proceedings does not carry over to the trial phase.  However, even during the mediation phase the only disclosure document agreed upon is the "Standard Interrogatories."  (Case 2:10-cv-67443 Document 286 at Ex 22 at 12.)

[13]Other agreements were made and orders entered about disclosure of such matters as medical records and bankruptcy claims.

is not mandatory.  The parties can "stipulate to elimination or modification of the requirements. .

. ." (Comments to 1993 Amendments to Rule 26(a).)   "[T]he parties can stipulate to forgo

disclosure, as was true before."  (Comments to 2000 Amendments to Rule 26(a)(1).)

No court order was entered setting a Rule 26(a) submission deadline in any of the seven

cases at issue although scheduling orders with other deadlines were entered.  The first time a

Rule 26(a)(1) date was placed into any CVLO MDL 875 scheduling order was the order entered

on November 12, 2012 in a single case, which has its own scheduling order, *Lundgren v. Rhone-

Poulenc AG. Co.*, Case No. 09-61032, document number 202.  (Case 2:10-cv-67443 Document

286 at Ex 9.)  As stated in the comments to Rule 26(a)(1). "The disclosure obligations specified

in paragraph (1) will not be appropriate for all cases, and it is expected that changes in these

obligations will be made by the court or parties when the circumstances warrant."  (Comments to

1993 Amendments of Rule 26(a)(1).)  Here, the compressed deadlines for what was initially over

1000 cases resulted in the parties not making Rule 26(a)(1) disclosures.  Such limitations are

reflected by the absence of 1) defendants making any such disclosures and 2) scheduling order

deadlines requiring Rule 26(a)(1) submissions.


*Timeliness of discovery responses and disclosures*

The court cites to the 30 day period for answering Rule 33 interrogatories.  (Op. at 8.)

The 30 day period is not controlling here.  First, defendants were provided answers by February

21, 2011, pursuant to the order of Judge Reed.  Second, this is not a situation where the

interrogatories were served by a party and the period for answering was triggered by the service.

No order in the pretrial/trial stage set a date for answering the standard interrogatories, nor did

defendants request one.  Defendants made no motions to compel new or additional answers.

Plaintiff treated the "fact discovery close" date as the time for providing updated or supplemental

answers that remained subject to further supplementation under Rule 26(e).  (Ex 9 at ¶10.)

In none of the seven cases did defendants provide an initial notice of the coworker

depositions of the persons disclosed in the February 21, 2011, responses or in later updates made

before the close of fact discovery.[14]  (Ex 9 at ¶9) Defendants also did not request additional

information about the subject matter of the testimony (Ex 9 at ¶9.)  By not noticing coworker

depositions and not filing motions to compel supplemental interrogatory answers (or Rule

26(a)(1) disclosures), defendants were following a calculated strategy.  Namely, defendants were

hoping the elderly witnesses in asbestos cases would die or become infirm without being

identified or deposed before the trial dates which were not even scheduled.  The cases would then

be dismissed for lack of evidence.  The strategy became more evident when the defendants filed

the motions to strike the plaintiffs' disclosures made in the form of well organized master lists of

site workers and past testimony.[15]  To the extent the defendants employed a strategy to oppose

disclosure, plaintiffs should not be faulted for failing to make disclosures of evidence which the

defense hoped would never occur.

---

[14]Defendants only issued cross notices after plaintiffs initially noticed coworker
depositions under the protocol.

[15]The court characterized the lists as a "non-specific data dump."  (Op. At 11.)  To the
contrary, the lists are organized to show the siteworkers for each jobsite.  (Case 2:10-cv-67443
Document 286, at Exs 14, 15.)  Since the job sites for each case are provided by AO12 filings
and in the standard interrogatory answers, the data in the lists can be easily used to determine the
siteworkers in each case.  The agreed upon standard interrogatories require plaintiffs to list all
siteworkers at each jobsite.

The court also suggests Rule 11 contradicts the position of CVLO that the potential witnesses (persons with knowledge) were already known when the pretrial/trial phase began. Plaintiffs respectfully disagree.  Many of the cases were filed in the 1990s when the victims and many potential witnesses, although elderly, were alive.  Years have passed - persons die, memories fade, health deteriorates.  The process of evidence becoming unavailable is exacerbated by the elderly group of plaintiffs' former coworkers.  Much of the evidence available when the complaints were filed is no longer available and has not been preserved due to the inactive status of MDL 875 cases.  (Case 2:10-cv-67443 Document 286 at Ex 28 at ¶11.)  As Judge Reed commented in recognizing the inactive status of the MDL 875 cases: ". . . I assume almost nothing has been done in those cases for several years.  Is that the gist? Is that statement probably correct?"  (Case 2:10-cv-67443 Document 286 at Ex 22 at 8-9.)  Both a member of the defense liaison committee and counsel for plaintiff confirmed Judge Reed's statement.  (Case 2:10-cv-67443 Document 286 at Ex 22 at 9.)   The time required to assess and validate the remaining evidence is described in earlier briefs and declarations of counsel on the motion to strike issues.  These same factors were explained on the record months ago, without dispute, in the conferences about CVLO cases.   (Case 2:10-cv-67443 Document 286 Eg. at Ex 35 at 52-57.)

The court also points to the deposition protocol as bearing on the timeliness of discovery responses.   Not mentioned in the opinion is the original version of the deposition protocol which was agreed upon.  This version, agreed upon before the CVLO MDL 875 pretrial/trial scheduling orders were entered  had no restrictions, consistent with Rule 26(d)(2), based on sequencing of the discovery.  (Case 2:10-cv-67443 Document 286 at Ex 25.)   The requirement that all interrogatories be answered before a deposition was added at the request of defendants, over the

objection of plaintiffs after the scheduling orders were entered in the CVLO MDL 875 cases.
This new requirement effectively prevented plaintiffs from pursuing depositions in multiple cases
simultaneously due to the extremely large number of discovery requests that defendants' counsel
propounded on plaintiffs.

This "sequencing requirement" was unique and limited to the deposition protocol.
Defendants could have, but did not request a general scheduling order about the timing of
answering standard interrogatories.  The impact of the sequencing provision was thus confined to
the deposition protocol and was never a part of the general scheduling of discovery in CVLO
MDL 875 cases.

Finally this court casts doubt on statements of CVLO about the disclosure of attorney
knowledge.  (Op. 10-11)  The context of the explanation given by plaintiff counsel should be
clarified.  Plaintiffs were disclosing knowledge of counsel in many standard interrogatory
answers filed before April 12, 2012.  The *Schneck* case and other decisions prompted a decision
by CVLO to devote substantial resources to make a broader disclosure of data which had not
previously been not organized or validated by plaintiff counsel to be available for disclosure.
The question of the resources to be devoted is different than disclosing what is known without
devoting substantial resources to compiling the information.  *Harvey v. EIMCO Corporation*, 28
F.R.D. 381, 381-82 (EDPA  1961.)  Rather than submit a question to the court about the
necessity of devoting substantial resources, counsel for plaintiff made the decision to proceed to
devote the resources to create master databases and lists of persons with knowledge and past
testimony.  In assessing the circumstances, this court should also consider the opposition of the
defendants to a similar undertaking of organizing the data files of defense counsel for disclosure.

The decision to devote the resources was a significant measure to enhance the attorney knowledge CVLO was already disclosing.

<u>Individual Cases</u>

With respect to the individual cases discussed by the court, rulings in selected cases need to be clarified and corrected on certain specific factual items.  Primarily these involve discovery responses submitted as exhibits, but which are not discussed in the court's opinion.  Each of the cases is discussed below as to matters needing clarification or correction.

**Reno 09-60293**

In *Reno* the November 28, 2012, opinion ordered stricken certain discovery responses. According to the Opinion, answers would be struck if "clearly provided by counsel." (Op at 4 ¶ 2.) Answers 6, 8-10, 21, 26-31, 32a-b, and 33-34 of "Plaintiff's Response to Standard Interrogatories - August 9, 2012" were thus ordered stricken.  Plaintiff was only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court. CVLO has since acted diligently to cure the signature defects found by the court in the November 28, 2012, ruling. On November 30, 2012, the answers dated August 9, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012.  CVLO re-served these interrogatory answers with the new signature December 6, 2012. (Ex 7.) These answers should now be considered properly signed by the plaintiff, and any signature defects cured.

**Conway 10-67785**

In *Conway* the November 28, 2012, opinion ordered stricken certain discovery responses. According to the Opinion, answers would be struck if "clearly provided by counsel." (Op at 3 ¶ 1.)  Answers 6, 8-10, 17, 21, 26-31, 32a-c, 33-36 of the standard interrogatories served on August 24, 2012 were struck for not being verified as to "answers that are...statements or objections of plaintiff's attorney." " (Op at 3 ¶ 1.)   Answers 1-6, 8-14 of "Plaintiff's Response to Defendant Owens-Illinois Incorporated's Interrogatories and Request for Production of Documents" were struck for not being verified as to "answers that are...statements or objections of plaintiff's attorney." " (Op at 3 ¶ 1.)   Plaintiffs were only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court.  CVLO has since acted diligently to cure the signature defects found by the court in the November 28, 2012, ruling. On November 30, 2012, the answers dated August 24, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012. (Ex 9 ¶ 2.)  CVLO will re-serve these answers with the new signature page upon receipt thereof.  These answers should now be considered properly signed by the plaintiff, and any signature defects cured.


**Svatek 11-64036**

In *Svatek* the November 28, 2012, opinion ordered stricken certain discovery responses. According to the Opinion, answers would be struck if "clearly provided by counsel." (Op at 4 ¶ 3.) Not mentioned within the opinion is "Plaintiff's First Signed Response to Standard Interrogatories - 10/1/12" served with signature of plaintiff and counsel on October 1, 2012. Since the discovery responses served 10/1/2012, are signed by the client, these answers are "in

part" proper discovery responses.[16] (Ex 6.) Plaintiffs were only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court.  CVLO has since acted diligently to cure the signature defects found by the court in the November 28, 2012, ruling. On November 30, 2012, the answers dated October 1, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012.   CVLO served the interrogatory answers from October 1, 2012, with the new signature on December 12, 2012.  (Ex 8.) These answers should now be considered properly signed by the plaintiff, and any signature defects cured.

.

**Jurglanis 12-60003**

In *Jurglanis* the November 28, 2012, opinion ordered stricken certain discovery responses. According to the Opinion answers would be struck if "clearly provided by counsel." (Op at 4 ¶ 1.) Answers 6, 8-10, 17, 19, 21, 26-31, 32a-c, and 33-36 of "Plaintiff's First Signed Response to Standard Interrogatories - 9/28/12" were ordered stricken. Plaintiffs were only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court. CVLO has since acted diligently to cure the signature defects found by the court in the November 28, 2012, ruling. On November 30, 2012, the answers dated September 28, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012. (Ex 9 ¶ 2.)  CVLO

---

[16]The court made findings in the order entered November 28, 2012, about what signatures are proper.

will re- serve these interrogatory answers with the new signature upon receipt thereof. These answers should now be considered properly signed by the plaintiff, and any signature defects cured.

**Walker 08-92136**

In *Walker* the November 28, 2012, opinion ordered stricken certain discovery responses. According to the opinion, answers would be struck if "clearly provided by counsel." (Op at 5 ¶ 1.) Answers 6, 8-10, all of 16 except for the July 24, 2012, supplement subsections (a) through (d), 17, 19, all but the first sentence of 20, 26-31, 32(a)-( c), and 33-36 in "Plaintiff's Supplemental Signed Response to Standard Interrogatories - 7/24/2012" thus were ordered stricken.  (Op at 5 ¶ 1.) Plaintiffs were only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court.  CVLO has since acted diligently to cure the signature defects found by the court in the November 28, 2012, ruling. On November 30, 2012, the answers dated July 24, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012. (Ex 9 ¶ 2.)  CVLO will re-serve these answers upon receipt thereof.  These answers should now be considered properly signed by the plaintiff, and any signature defects cured.

**Brigham 08-89984**

In *Brigham* the November 28, 2012, opinion ordered stricken certain discovery responses.  Not

mentioned within the opinion is "Plaintiff's Supplemental Signed Response to Standard Interrogatories - 9/10/12" served in this case September 11, 2012.  (Ex 4.) CVLO has proof of service of this set of interrogatory responses from 9/11/2012, which were served with client signature.  Since the discovery responses served 9/11/2012 are signed by the client, these answers are "in part" proper discovery responses.[17] Plaintiffs were only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court.  CVLO has since acted diligently to cure the signature defects found by the court in the November 28, 2012, ruling. On November 30, 2012, the answers dated September 25, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012 (Ex 9 ¶ 2). These answers will be served upon receipt.  These answers should now be considered properly signed by the plaintiff, and any signature defects cured.

**Akey 09-60286**

In *Akey* the November 28, 2012, opinion ordered stricken certain discovery responses. According to the Opinion, answers would be struck if "clearly provided by counsel." (Op at 1 ¶ 2.) "Plaintiff's First Signed Response to Standard Interrogatories - 8/14/12" served on August 14, 2012, answers 6, 8-10, portions of 19, 20, 21, 26-31, 32a-c, 33-36, and "Plaintiff's Response to Defendant Owens-Illinois Incorporated's Interrogatories and Request for Production of Documents" served on August 24, 2012, answers 1-6, 8, and 10-14, thus were ordered struck.

---

[17]The court made findings in the order entered in the November 28, 2012, Opinion about what signatures are proper.

Plaintiffs were only made aware as to the need for a statement of total knowledge of all answers being signed by the plaintiff/client in the November 16, 2012, ruling of this court.[18]   CVLO has since acted diligently to cure this "signature issue," On November 30, 2012, the answers dated August 14, 2012, were sent to plaintiff with a new signature page conforming to the order entered by Judge Strawbridge on November 28, 2012.    CVLO re-served the interrogatory answers from August 14, 2012, and the defendant-specific interrogatory answers of August 28, 2012, with the new signature on December 10, 2012. (Ex. 3) The answers should now be considered properly signed by the plaintiff, and any signature defects cured.

Relief Requested

Relief Requested

**General relief**

For the reasons above, plaintiffs move the court as follows:

1.     To order that all of plaintiffs' interrogatory answers which were signed by the plaintiff and the subject of motions by Owens Illinois have been cured of any defects upon service of corrected plaintiff signature pages and vacate the order striking any part of the responses.

2.     In the alternative that the order striking any part of the responses in all of plaintiffs' interrogatory answers which were signed by the plaintiff and the subject of motions by

---

[18]In past briefing on the motions to strike, plaintiffs contended no Rule 26(a)(1) deadline dates were in CVLO scheduling orders and defendants themselves did not make Rule 26(a)(1) disclosures.  If any Rule 26(a)(1) disclosures were required, plaintiffs contended the "Standard Interrogatories" were the agreed upon format.  By addressing the Rule 26(a)(1) obligations cited in the November 16, 2012, opinion of this court, plaintiffs do not waive earlier arguments.

Owens Illinois, is vacated and the court should impose lesser sanctions rather than striking the interrogatory answers.

3.  In all affected cases enter an order deeming all discovery disclosures, in the format of standard interrogatory answers or supplements to such, based on counsel's knowledge and signed by counsel as being properly signed and vacate the striking of such responses.

4.  Enter an order withdrawing the court's background statements and restating such statements to reflect the matters discussed above in section III and in past briefs filed by plaintiffs relating to defense motions to strike.

**Specific Relief**

Plaintiffs request the following relief as to the seven specific cases:

1) To determine the deficiencies in answers to standard interrogatories served with the bifurcated signature format to be deemed corrected by the new plaintiff signature format pages upon service of the new signature pages.

2) To determine the answers to standard interrogatories which were served, but not mentioned in the court's opinion of November 28, 2012, to be subject to the same rulings as to signatures.


Dated: December 12, 2012

**/s/ Robert G. McCoy**
Attorney for plaintiffs
Robert G. McCoy
Michael P. Cascino
Allen D. Vaughan
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Ave.
Chicago, Illinois 60607
312.944.0600
bmccoy@cvlo.com